**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **MELNIQUE LOGAN** | |
| Plaintiff, | |
| v. | |
| **SAINT LOUIS COUNTY** | Cause No. |
| SERVE: | |
| Peter J. Krane, County Counselor | |
| Saint Louis County Government Center | |
| 41 South Central, 9th Floor | |
| Clayton, MO 63105 | **JURY TRIAL DEMANDED** |
| and | |
| **LEWIS BOUWMAN, individually and in his official capacity as an officer for the Saint Louis County Police Department** | |
| SERVE: | |
| North County Precinct Station | |
| 11815 Benham Road | |
| St. Louis, MO 63138 | |
| Defendants. | |

**COMPLAINT**

Plaintiff Melnique Logan, through undersigned counsel, for her Complaint against Saint Louis County and Lewis Bouwman, states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.    Plaintiff Melnique Logan is a resident and citizen of Missouri.

2.    Defendant Saint Louis County ("The County") is a Political Subdivision of the State of Missouri and is the legal entity responsible for itself and for the St. Louis County Police

Department.  This Defendant is the employer of Defendant Lewis Bouwman and has the capacity to sue and be sued.

3.      Defendant Lewis Bouwman ("Defendant Bouwman") is a resident and citizen of Missouri.  At all times relevant, Defendant Bouwman was acting under color of state law in his capacity as a law enforcement officer employed by the Saint Louis County Police Department and was acting in the course and scope of his employment therein.  Defendant Bouwman is sued in his individual capacity and official capacity.

4.      This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and is brought pursuant to 42 U.S.C. §§ 1983 and 1988.  Jurisdiction against Defendants is conferred upon this Court by 28 U.S.C. § 1331 and by the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(B)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in St. Louis County, Missouri.

## FACTUAL ALLEGATIONS

6.      Plaintiff Melnique Logan is a twenty-two year old African American female.

7.      On or around Sunday, March 15, 2015, at approximately 6:00 PM, Plaintiff Melnique Logan was the victim of an assault at the hands of three women near the intersection of Chambers Road and Halls Ferry Road in North St. Louis County.

8.      At approximately 6:03 p.m., Defendant Bouwman and Police Officer Conroy (DSN 3633) observed Ms. Logan lying on the ground being assaulted.  Specifically, Defendant Bouwman and Officer Conroy observed two women punching, kicking, and stomping on Ms. Logan's head and chest.  A third was recording video of the assault.

9.      The officers ordered Ms. Logan's attackers to stop.  The women complied and returned to their vehicle, which was parked in the Walgreens parking lot located at 2202 Chambers Road.

10.     By the time the women returned to the inside of their vehicle, Ms. Logan had stumbled to her feet.  She then ran to the driver's side of the attackers' parked vehicle and began banging on the window to stop them from fleeing.

11.     Ms. Logan was visibly unarmed.

12.     She was 5 feet 5 inches tall.

13.     Despite witnessing Ms. Logan being brutally assaulted, Defendant Bouwman approached the attackers' vehicle and shot *Ms. Logan* with his Taser.

14.     Defendant Bouwman discharged his Taser, in probe mode, while he was standing on the passenger side of the attackers' vehicle; Ms. Logan was standing on the driver's side.

15.     One dart entered Ms. Logan's left biceps and the other penetrated her left eyeball.

16.     As a result of the electric current flowing through her body, for five seconds, via her eye and biceps, Ms. Logan collapsed to the ground.

17.     Paramedics rushed Ms. Logan to the emergency room with the Taser dart still lodged in her eyeball.

18.     The entire encounter, from the time Defendant Bouwman arrived on scene until he Tased Ms. Logan—a small statured, unarmed crime victim—lasted 30 seconds.

19.     As a result of Defendant Bouwman's actions, Ms. Logan suffered a perforating injury to her left eye, and was forced to undergo multiple surgeries.  Ms. Logan has suffered and continues to suffer severe and permanent injuries, including but not limited to painful vision loss and increased risk of permanent blindness.

## COUNT I

**42 U.S.C. § 1983 – Excessive Force in Violation of the Fourth & Fourteenth Amendments
(Defendant Lewis Bouwman, in his individual and official capacity)**

20.     Plaintiff incorporates the above allegations as though fully set forth herein.

21.     42 U.S.C. § 1983 provides that:

>    Every person who, under color of any statute, ordinance, regulation,
>    custom, or usage, of any State or Territory or the District of Columbia,
>    subjects, or causes to be subjected, any citizen of the United States or
>    other person within the jurisdiction thereof to the deprivation of any rights,
>    privileges, or immunities secured by the Constitution and laws, shall be
>    liable to the party injured in an action at law, suit in equity, or other proper
>    proceeding for redress…

22.     Plaintiff is and was a citizen of the United States and thus entitled to the full benefits and equal protection of the Federal Constitution and all laws and regulations enacted thereunder.  Defendant Bouwman is a person under 42 U.S.C. § 1983.

23.     Defendant Bouwman, at all times relevant, was acting under the color of the statutes, ordinances, regulations, customs, and law of the State of Missouri in his capacity as St. Louis County Police Officer and his acts or omissions were conducted within the scope of his official duties or employment.

24.     At the time of the incident that is subject of Plaintiff's complaint, Plaintiff had clearly established constitutional rights, including a right under the Fourth Amendment to be secure in her person from unreasonable seizure through excessive force.

25.     Plaintiff also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

26.     Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established.

27.     Defendant Bouwman's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting him and so violated the Fourth Amendment Rights of Plaintiff.

28.     Defendant Bouwman's actions and use of force, as described herein, was also malicious and/or involved reckless, callous, and deliberate indifference to Ms. Logan's federally protected rights.  The force used by Defendant Bouwman shocks the conscience and so violated Plaintiff's Fourteenth Amendment rights.

29.     Defendant Bouwman unlawfully seized Ms. Logan by means of objectively unreasonable, excessive, and conscious shocking physical force, thereby unreasonably restraining Ms. Logan of her freedom.

30.     Defendant Bouwman engaged in the conduct described in this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Ms. Logan's federally protected Constitutional rights.

31.     Defendant Bouwman knew, or should have known, that his acts and omissions as described herein were prohibited under federal law.

32.     Defendant Bouwman's mistreatment of Plaintiff was perpetrated pursuant to the St. Louis County's policies, customs, decisions, ordinances, regulations, widespread habit, usage or practice.

33.     As a direct and proximate result of Defendant Bouwman's interference with Plaintiff's federal constitutional and statutory rights, Plaintiff suffered the aforementioned damages and losses, which are expected to be ongoing.

34.     Plaintiff is entitled to attorneys' fees and costs pursuant to 42 U.S.C. 1988.

35.     Defendant's conduct showed a complete indifference to or a conscious disregard for the safety of Plaintiff and others, thereby justifying an award of punitive damages in such sum as will serve to punish and deter Defendant, and others, from like conduct in the future.

WHEREFORE Plaintiff prays for judgment against Defendant Bouwman in a fair and reasonable amount in excess of seventy-five thousand dollars ($75,000.00) for the harms and losses she has suffered, for her costs incurred herein, for attorneys' fees, for punitive damages, and for any further relief this Court deems just and proper.

## COUNT II

**42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth and Fourteenth Amendments (Defendant St. Louis County)**

36.     Plaintiff incorporates the above allegations as if fully set forth herein.

37.     42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

38.     Plaintiff is and was a citizen of the United States and thus entitled to the full benefits and equal protection of the Federal Constitution and all laws and regulations enacted thereunder.  The County is a person under 42 U.S.C. § 1983.

39.     The County and its officials, employees, agents, and representatives were, at all times relevant, acting under the color of ordinances regulations, customs, and law of the State of Missouri.

40.     At the time of the incident that is subject of Plaintiff's complaint, Plaintiff had clearly established constitutional rights, including the right under the Fourth Amendment to be secure in her person from unreasonable seizure through excessive force.

41.     The County's officials, employees, agents, and representatives knew, or should have known, of these rights at the time of the complained of conduct as they were clearly established.

42.     The acts or omissions of the County and its officials, employees, agents, and representatives, as described herein, deprived Ms. Logan of her constitutional and statutory rights and caused her other damages.

43.     The County and its officials, employees, agents, and representatives intentionally, knowingly and purposely deprived Plaintiff of her clearly established rights, privileges, and immunities as secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983.

44.     The County and its officials, employees, agents, and representatives, at all times relevant, were policymakers for St. Louis County and the St. Louis County Police Department, and in that capacity, established policies, procedures, customs, and/or practices for the same.

45.     The County and its officials, employees, agents, and representatives maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were the moving forces behind and proximately caused the violations of Ms. Logan's Constitutional rights as set forth herein.

46.     The County and its officials, employees, agents, and representatives have developed and maintained long-standing, department-wide customs, policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers in a manner

7

amounting to deliberate indifference to the constitutional rights of Plaintiff and the public.  The inadequacy of training and/or supervision is so likely to result in violation of Constitutional and federal rights, such as those described herein, that the failure to provide proper training and supervision is indifferent to those rights.

47.     The deliberately indifferent training and supervision provided by the County and its officials, employees, agents, and representatives resulted from a conscious and deliberate choice to follow a course of action from among various alternatives available to them and were moving forces in the constitutional and federal violation injures complained of by Ms. Logan

48.     As a direct and proximate result of the County's interference with Plaintiff's federal Constitutional and statutory rights, Plaintiff has suffered the aforementioned damages and losses, which are expected to be ongoing.

49.     Plaintiff is entitled to attorneys' fees and costs pursuant to 42 U.S.C. 1988.

WHEREFORE Plaintiff prays for judgment against the County in a fair and reasonable amount in excess of seventy-five thousand dollars ($75,000.00) for the harms and losses she has suffered, for her costs incurred herein, for attorneys' fees, and for any further relief this Court deems just and proper.

**THE SIMON LAW FIRM, P.C.**

By:     /s/ Kevin M. Carnie Jr.
        John G. Simon, #35321MO
        Kevin M. Carnie Jr., #60979MO
        John M. Simon, #68393MO
        800 Market Street, Suite 1700
        St. Louis, MO 63101
        Telephone:  314-241-2929
        jsimon@simonlawpc.com
        kcarnie@simonlawpc.com
        jmsimon@simonlawpc.com
        *Attorneys for Plaintiff*